Brian E. Maas, Esq.
Andrew J. Ungberg, Esq.
**Frankfurt Kurnit Klein & Selz, PC**
488 Madison Ave
New York, NY 10022
Tel: (212) 980-0120
Fax: (212) 593-9175
bmaas@fkks.com
aungberg@fkks.com

"14 CV 8862

*Attorneys for Defendant One Rockwell Corp.*

JUDGE BUCHWALD

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CACHE, INC.,<br>    a Delaware corporation, | Index No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL** |
| -against- | **PURSUANT TO** |
| | **28 U.S.C. § 1446 (a)–(b)** |
| ONE ROCKWELL CORP.,<br>a Florida corporation | |
| Defendant. | |

R E C [...] NOV 0 3 2014 U.S.D.C. S.D.N.Y.

TO THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK:

      1.     One Rockwell Corp. ("One Rockwell") is the defendant in the

civil action *Cache, Inc. v. One Rockwell Corp*, No. 653062/2014, brought by Cache,

Inc. ("Cache") on October 7, 2014 in the Supreme Court of the State of New York,

New York County.  Pursuant to 28 U.S.C. §§ 1441 and 1446, One Rockwell hereby

removes this action to the United States District Court for the Southern District of

New York, the judicial district in which this action is pending.

2.      One Rockwell removes on the ground that there is a complete diversity of citizenship between the plaintiff and defendant in the action:

(i)     Cache is a corporation organized under the laws of Delaware, with its principal place of business in New York.

(ii)    One Rockwell is a corporation organized under the laws of Florida.  While One Rockwell is licensed as a foreign corporation to do business in New York State, its principal place of business is in Florida.

(iii)   Cache's complaint alleges an amount in controversy in excess of $75,000, exclusive of interests and costs.

3.      Accordingly, removal is proper under 28 U.S.C. § 1441(a) because this Court would have had original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) if the action had originally been brought in federal court.  Removal on the basis of diversity is not precluded by the 28 U.S.C. § 1441(b) because One Rockwell is not a citizen of the State of New York.

4.      This notice is timely under 28 U.S.C. § 1446 (b) as it was filed within thirty days after October 8, 2014, the date Cache completed service on One Rockwell by delivering a copy of the summons and complaint on the New York Secretary of State.

5.      Finally, all state-court papers served on One Rockwell to date,

consisting of Cache's summons and complaint, is attached hereto as Exhibit A.

Dated: November 7, 2014
       New York, NY

**FRANKFURT KURNIT KLEIN & SELZ, PC**

By: _____
       Brian E. Maas
       Andrew J. Ungberg
       488 Madison Ave
       New York, NY 10022
       Tel: (212) 980-0120
       Fax: (212) 593-9175
       bmaas@fkks.com
       aungberg@fkks.com

       *Attorneys for Defendant*
       *One Rockwell Corp.*

# Exhibit A

State of New York - Department of State
Division of Corporations

Party Served:
 ONE ROCKWELL CORP.

Plaintiff/Petitioner:
 CACHE INC.


 ONE ROCKWELL CORP.
 3725 FRANTZ RD
 COCONUT GROVE,  FL 33133



Dear Sir/Madam:
Enclosed herewith is a legal document which was served upon the Secretary of
State on 10/08/2014 pursuant to SECTION 306 OF THE BUSINESS CORPORATION LAW.
 This copy is being transmitted pursuant to such statute to the address
provided for such purpose.



Very truly yours,
Division of Corporations

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF  NEW YORK
------------------------------------------------------------x

CACHE INC.

Plaintiff/Petitioner,

- against -

ONE ROCKWELL CORP.

Index No. 653062/2014

Defendant/Respondent.
------------------------------------------------------------x

## NOTICE OF COMMENCEMENT OF ACTION
## SUBJECT TO MANDATORY ELECTRONIC FILING

PLEASE TAKE NOTICE that the matter captioned above, which has been commenced by filing of the accompanying documents with the County Clerk, is subject to mandatory electronic filing pursuant to Section 202.5-bb of the Uniform Rules for the Trial Courts. This notice is being served as required by Subdivision (b) (3) of that Section.

The New York State Courts Electronic Filing System ("NYSCEF") is designed for the electronic filing of documents with the County Clerk and the court and for the electronic service of those documents, court documents, and court notices upon counsel and self-represented parties. Counsel and/or parties who do not notify the court of a claimed exemption (see below) as required by Section 202.5-bb(e) must immediately record their representation within the e-filed matter on the Consent/Represent page in NYSCEF. Failure to do so may result in an inability to receive electronic notice of document filings.

Exemptions from mandatory e-filing are limited to: 1) attorneys who certify in good faith that they lack the computer equipment or (along with all employees) the requisite knowledge to comply; and 2) self-represented parties who choose not to participate in e-filing. For additional information about electronic filing, including access to Section 202.5-bb, consult the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov; mailing address: 60 Centre Street, New York, New York 10007).

Dated:  October 7, 2014

_____  (Signature)

Donna E. Edbril  (Name)

Cache, Inc.  (Firm Name)

256 W. 38th Street
2nd Floor
_____ (Address)

212-789-1383 _____ (Phone)

dedbril@cache.com _____ (E-Mail)

SERVED BY
SERVICO
WWW.SERVICO.COM
SPECIALISTS IN ALL LEGAL

To:     One Rockwell Corp

5 Crosby St, Suite 6A

New York, NY 10013

6/4/14

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

CACHE INC.,

                             Plaintiff,

           -against-

ONE ROCKWELL CORP.,

                         Defendant.

-------------------------------------------------------------------x

:      **SUMMONS**

:      Index No. 653062/2014

:      Date Filed: 10/7/14

TO BE ABOVE-NAMED DEFENDANT:

    You are hereby summoned and required to serve upon the attorney for plaintiff an answer to the annexed complaint, which is herewith served upon you, within twenty (20) days after the service thereof, exclusive of the day of service, or within thirty (30) days after service is complete if service is made by other than personal delivery to you within the State of New York. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the complaint.

    Venue is based on the location of plaintiff's principal office in New York, New York.

Dated: New York, New York
       October 7 , 2014

                                 DONNA E. EDBRIL

                                 256 West 38th Street
                                 New York, NY  10018
                                 (212) 789-1333

                                 *Attorney for Plaintiff*

TO:    One Rockwell Corp.
       5 Crosby Street, Suite 6A
       New York, New York 10013

421781-1-W

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

CACHE INC.,

|  | Plaintiff, | : | **COMPLAINT** |
|---|---|---|---|
| -against- | | : | Index No. 653062/2014 |
| /2014 | | : | |
| ONE ROCKWELL CORP., | | : | |
| | Defendant. | : | |

------------------------------------------------------------------x

Plaintiff, Cache, Inc., ("Cache"), by its attorney, Donna E. Edbril, for its complaint alleges on information and belief, except as to itself and its own acts, as follows:

## THE PARTIES

1.      Cache is a Delaware corporation with its principal place of business in the City, County and State of New York.

2.      Defendant, One Rockwell Corp. ("One Rockwell") is a Florida corporation licensed to do business in the State of New York.

## THE FACTS

3.      In or about the summer 2013 Cache, an omni-channel woman's specialty retailer, decided to transition to a new web platform, consolidate its warehouse and distribution centers, and switch to a new call center service provider.

4.      As part of its effort to launch a new web platform, Cache met with several web developers, including One Rockwell, and provided each of them with a "Platform Transition Request for Proposal" ("RFP").  In the RFP, Cache described its new E-commerce strategy and set forth its requirements for the new website, including, but not limited to, design/usability,

operational requirements, and Information Technology ("IT") integration requirements. The RFP also indicated that Cache intended to move its web platform, warehouse operations and customer call services from the existing vendor, SpeedFC Inc., ("Speed") who handled all three duties, and transition to three new vendors: one that would develop a new web platform; a second that would consolidate Cache's warehouse and distribution operations; and a third vendor who would handle third-party call center services.

5.    In or about October 2013, One Rockwell made a presentation to Cache executives in which it detailed its creative, technical and business capabilities. One Rockwell represented that it had an exceptional IT team, which could develop customized programs on a Magento platform that would meet the omni-channel needs of Cache.  Cache made clear to One Rockwell at this meeting that it wanted the new website launched by the end of May 2014 since Cache's contract with Speed expired in June 2014 and Cache wanted to make sure that the website was fully operational prior to the June 2014 expiration date.

6.    Based on One Rockwell's representations that it could successfully provide the services needed by Cache within the requisite time period, Cache selected One Rockwell to develop, direct and manage the transition from a single source provider of web, distribution logistics and call center services to three separate providers.

7.    On or about October 31, 2013, Cache entered into a Master Services Agreement ("MSA") with One Rockwell that set forth the terms under which One Rockwell would develop and re-launch Cache's website at www.cache.com.  Among other things, One Rockwell therein represented and warranted that the Cache website would operate and function in accordance with the specifications that were to be set forth by One Rockwell in the Statement of Work ("SOW") it would create following execution of the MSA.

2

8.     The SOW that One Rockwell thereafter created was based upon Cache's RFP, as well as the numerous discussions One Rockwell had with members of Cache's E-Commerce and IT teams. In the SOW, One Rockwell directly stated that one of the primary goals and objectives of the project was to "integrate the platform with existing back-end systems, fulfillment and logistics, banking, customer service platforms, emails, marketing and other third party services."

9.     On or about November 26, 2013, One Rockwell and Cache executed the SOW.

10.     In or about late January 2014, One Rockwell informed Cache that it would not be able to launch the new website by the end of May 2014, as [it had promised. ?]. However, given the critical importance to Cache of launching the website on time, Cache's personnel expended substantial time and effort with One Rockwell to develop a plan which would make sure that under all circumstances the new website would be launched no later than June 30, 2014. One Rockwell fully agreed with and endorsed that plan and assured Cache that the schedule would in all events be met.

11.     Although One Rockwell was well aware from the beginning of its business relationship with Cache that Cache's business would suffer a severe negative impact if the new website was not fully functional when Speed's contract terminated in June 2014, One Rockwell certainly knew after the January meetings of the critical importance of meeting this deadline.

12.     One Rockwell informed Cache in late May 2014 that it could not meet the June 30, 2014 launch date allegedly because of UPS' 10 day delay in integrating with One Rockwell. One Rockwell recommended that it add more technical resources to its existing team to fast track the UPS integration. Cache agreed with this recommendation and also agreed to pay for these additional resources. One Rockwell sent Cache a bill for $28,000 for the cost of these additional resources which Cache paid in full to One Rockwell. The $28,000 paid to One Rockwell was in

addition to the $500,000 paid by Cache in full satisfaction of its obligations to One Rockwell under the MSA and SOW.

13.    UPS's integration delay had no impact on key website functionalities that had yet to be fully developed by One Rockwell and guaranteed under the SOW such as, (1) purchase and redemption of Cache gift cards; (2) ability of online customers to participate in Cache's loyalty program; (3) ability of international customers to purchase online; (4) ability to offer online multi-tier discount coupons; (5) ability to process customer returns in an automated fashion; and (6) ability to fulfill online orders in Cache's brick and mortar stores.

14.    Starting approximately ten days before the June 30th launch and continuing every day until the launch, Cache repeatedly asked One Rockwell if it needed to set up a contingency plan– one that would maintain the website on the current provider's platform until all of the functionalities on the new website were in place. In response to Cache's inquiries, One Rockwell reassured Cache that no contingency plan of any kind was necessary. Even up to the day of the launch, One Rockwell reassured Cache that the site would function as designed and Cache customer's would be able to transact business online.

15.    Immediately after the new website's launch, Cache experienced major problems with the site and quickly discovered that the website had major flaws in its ability to conduct e-commerce business, including but not limited to being able to properly and efficiently ship online orders from Cache stores and to receive full payment from online customers for shipped orders.

16.    One Rockwell recommended that Cache engage CyberSource based on its prior experience with CyberSource and its belief that CyberSource was a leading online payment gateway and the right fit for Cache's business model. One Rockwell made this recommendation

4

functionalities on the new website were in place. In response to Cache's inquiries, One Rockwell reassured Cache that no contingency plan of any kind was necessary. Even up to the day of the launch, One Rockwell reassured Cache that the site would function as designed and Cache would be able to transact business online.

16.    Immediately after the new website's launch, Cache experienced major problems with the site and quickly discovered that the website had major flaws in its ability to conduct e-commerce business, including, but not limited to, being able to properly and efficiently ship online orders from Cache stores and to receive full payment from online customers for shipped orders.

17.    Between July 1st and September 2014, Cache informed One Rockwell on numerous occasions, both in writing and in face to face conversations, that the website was not operating or functioning in accordance with the specifications agreed upon in the SOW. In fact, during this time Cache and One Rockwell had daily conference calls to develop a plan and timeline for solving the major problems with the website. Each time it was confronted with the issues, One Rockwell told Cache that it would correct them.

18.    However, it readily became apparent to Cache that not only had One Rockwell failed to perform all of the work it was obligated to perform under the MSA and SOW, but also that One Rockwell did not have the expertise, experience, or resources to perform them.

19.    Finally, at a meeting between One Rockwell and Cache on September 12, 2014, One Rockwell and Cache discussed in detail the 101 deliverables set forth in the SOW. During the meeting One Rockwell openly admitted that it had failed to develop or perform many of the deliverables required in order to make the platform function properly. In spite of this admission,

One Rockwell informed Cache that it would no longer continue working to resolve the outstanding critical issues, or even perform any work at all on Cache's behalf, including work for which it had already been paid, unless Cache immediately wired One Rockwell an additional $133,448.

20.     As a result of One Rockwell's continued failure to perform under the SOW and MSA, and in order to prevent any further damage to its business, Cache was forced to hire a new vendor, one which has the requisite expertise and resources lacked by One Rockwell, to fully assess the extent of the deficiencies in the work performed by One Rockwell and to properly complete the deliverables due under the SOW that One Rockwell failed to provide and perform.

21.     Even though Cache has already paid One Rockwell $528,000, Cache has been advised by its new vendor that the charges for performing the work One Rockwell failed to perform will be at least $250,000, and most likely more.

22.     In addition to this cost, Cache has been forced to incur other substantial costs and expenses in order to mitigate the severe business losses caused by One Rockwell's breach of the MSA and SOW, including, hiring numerous temporary workers to perform functions that could no longer be performed on the defective and incomplete web platform designed and installed by One Rockwell. Cache estimates that these costs, which are ongoing, currently exceed $100,000.

23.     Further, as a result of the significant problems with the web platform, Cache's third party call center has experienced a substantial increase in call volume, which, in turn, has caused Cache to owe substantial additional amounts to the third party vendor who operates the call center. Cache estimates that these costs also currently exceed $100,000.

24.     Accordingly, by reason of the foregoing breaches of the MSA and SOW by One Rockwell, Cache has sustained damages in an amount greater than $528,000 the precise amount

of which will be proven at trial.

Wherefore, Cache demands judgment for the amount set forth herein, plus interest thereon, and for such other and further relief as the Court may deem just and proper, including costs, disbursements and reasonable attorneys' fees.

Dated: New York, New York
        October 7, 2014

DONNA E. EDBRIL

*Attorney for Plaintiff*
256 W. 38th Street
New York, New York 10018
(212) 789-1333



# NYSCEF - New York County Supreme Court
## Payment Receipt



This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

Cache Inc. - v. - One Rockwell Corp.

Index Number NOT assigned

## Documents Received    10/07/2014 03:50 PM

| Doc # | Document Type | Control # | Motion # | Fee |
|-------|---------------|-----------|----------|-----|
| 1 | SUMMONS + COMPLAINT | | | $0.00 |
| | | | Index Fee | + $210.00 |
| | | | Total Fee | $210.00 |

## Payment Information

| | |
|---|---|
| Payment Type: | AMERICAN EXPRESS |
| Date Paid: | 10/07/2014 |
| Fee Amount: | $210.00 |
| Authorization Code: | 219704 |
| Comments: | |

## Filing User

| | |
|---|---|
| Name: | DONNA ELYSE EDBRIL |
| Phone #: | 212-7891333 |
| Fax #: | |
| E-mail Address: | dedbril@cache.com |
| Work Address: | 256 W.38th St, 2nd fl New York, NY 10018 |

---

Norman Goodman, New York County Clerk and Clerk of the Supreme Court
Phone: 646-386-5956    Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

NYSCEF Resource Center - EFile@nycourts.gov
Phone: (646) 386-3033    Fax: (212) 401-9146    Website: www.nycourts.gov/efile

 

# NYSCEF - New York County Supreme Court
## Confirmation Notice

This is an automated response for Supreme Court / Court of Claims cases. The NYSCEF site has received your electronically filed document(s) for:

Cache Inc. - v. - One Rockwell Corp.

Index Number NOT assigned

## Documents Received

| Doc # | Document Type | Motion # | Date Received |
|---|---|---|---|
| 1 | SUMMONS + COMPLAINT | | 10/07/2014 03:50 PM |

## Filing User

Name: **DONNA ELYSE EDBRIL**
Phone #: 212-7891333
Fax #:

E-mail Address: dedbril@cache.com
Work Address: 256 W.38th St, 2nd fl
New York, NY 10018

## E-mail Notifications

An e-mail notification regarding this filing has been sent to the following address(es) on 10/07/2014 03:50 PM:

EDBRIL, DONNA ELYSE - dedbril@cache.com

NOTE: If submitting a working copy of this filing to the court, you must include as a notification page firmly affixed thereto a copy of this Confirmation Notice.

Norman Goodman, New York County Clerk and Clerk of the Supreme Court
Phone: 646-386-5956    Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

NYSCEF Resource Center - EFile@nycourts.gov
Phone: (646) 386-3033    Fax: (212) 401-9146    Website: www.nycourts.gov/efile